UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL LUFKIN, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 05-106-B-H |
| | ) | |
| EASTERN MAINE MEDICAL CENTER, | ) ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON MOTION TO DISMISS

The motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

First, I allow the plaintiff until December 12, 2005, to amend his Amended Complaint. He needs to deal with the defendant's assertions that he has not alleged any adverse employment action under Count V, such as constructive discharge, or any adverse employment action that would support his claim of back and front pay on all counts.

Second, Count VII is **DISMISSED WITHOUT OBJECTION**. The requested relief, namely a jury trial, is already demanded and does not need a separate count.

Third, I will wait until I see the newly amended Amended Complaint (and any additional argument) before ruling on the motion to dismiss the Family and Medical Leave Act of 1993 ("FMLA") count, Count V, for failure to allege adverse employment action, as well as the claims for front and back pay on all counts.

Fourth, I **GRANT** the motion to strike the claim in Count V for recovery of non-economic compensatory damages for "pain and suffering," "emotional distress," and "damaged reputation," as well as punitive damages. The FMLA enumerates the remedies available in a private action; the enumerated remedies do not include either non-economic compensatory or punitive damages. See 29 U.S.C. § 2617(a). The plaintiff argues, however, that such damages are broadly encompassed by the FMLA's additional allowance for "such equitable relief as may be appropriate, including employment, reinstatement and promotion," § 2617(a)(1)(B), see Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss Am. Compl. in Part with Incorporated Mem. of Law 4 (Docket Item 13). I disagree. The Supreme Court has stated that the "the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined." Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 739-40 (2003). The First Circuit has not yet spoken directly on the issue, but other circuits have rejected similar arguments. They hold uniformly that the FMLA does not permit recovery for non-economic compensatory damages. See, e.g., Brumbalough v. Camelot Care Ctrs., Inc., No. 04-5543, 2005 WL 2861035, at *10-11 (6th Cir. Nov. 2, 2005) ("[S]everal other circuits have held that the FMLA does not allow for such recovery [of non-economic compensatory damages]. . . . The underlying logic to these courts' conclusion is this: Because the FMLA specifically lists the types of damages that an employer may be liable for, and it includes damages only insofar as they are

the actual monetary losses of the employee such as salary and benefits and certain liquidated damages, the FMLA does not permit recovery for emotional distress.") (citing Montgomery v. Maryland, 72 Fed. Appx. 17, 19 (4th Cir. 2003) (unpublished) ("emotional distress, . . . along with nominal and consequential damages, is not covered under the [FMLA]"); Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1277 (10th Cir. 2001) ("courts have consistently refused to award FMLA recovery for such other claims as consequential damages . . . and emotional distress damages") (citations omitted); Nero v. Indus. Molding Corp., 167 F.3d 921, 930 (5th Cir. 1999) (FMLA does not provide for recovery of consequential damages); Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1284 (11th Cir. 1999) ("the FMLA does not allow recovery for mental distress or the loss of job security"); Cianci v. Pettibone Corp., 152 F.3d 723, 728-29 (7th Cir. 1998) (finding no damage claim under the FMLA when plaintiff suffered no actual monetary losses such as wages, salary, benefits, etc.)). Because "damages recoverable" under FMLA are "measured by actual monetary losses," Hibbs, 538 U.S. at 740, and because punitive damages—like non-economic compensatory damages—are not an actual monetary loss, I conclude that punitive damages likewise may not be awarded under the FMLA. Cf. Walker, 240 F.3d at 1278 ("Because nominal damages are not included in the FMLA's list of recoverable damages, nor can any of the listed damages be reasonably construed to include nominal damages, Congress must not have intended nominal damages to be recoverable under the

3

FMLA."); Colburn v. Parker Hannifin/Nichols Portland Div., 355 F. Supp.2d 566, 568 (D. Me. 2005) ("Damages are limited to lost or denied income . . . and costs incurred . . . as a result of an FMLA violation; no nominal or consequential damages are available.") (citations omitted), aff'd on other grounds, No. 05-1308, 2005 WL 3080925 (1st Cir. Nov. 18, 2005).

**SO ORDERED.**

**DATED THIS 21ST DAY OF NOVEMBER, 2005**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4